UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EASTERN REGIONAL MEDICAL CENTER,
INC., and CANCER TREATMENT CENTERS OF
AMERICA PROFESSIONAL CORPORATION
OF PENNSYLVANIA, P.C.



                     Plaintiffs,                   **MEMORANDUM AND ORDER**

      -against-                               13-CV-4680 (SLT) (VVP)

NEFTALI SANTOS,

                     Defendant.
----------------------------------------------------------x
**TOWNES, United States District Judge:**

Plaintiffs Eastern Regional Medical Center, Inc., and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. (collectively, "Plaintiffs") bring this diversity action to recover $143,335.62 which they are allegedly owed for services rendered to a patient, the now-deceased wife of defendant Neftali Santos ("Defendant"). After Defendant failed to timely answer or otherwise respond to their complaint, Plaintiffs requested that the Clerk of Court enter a default against Defendant. The Clerk of Court having entered the default, Plaintiffs now request that the Clerk of Court enter judgment in the amount set forth in the complaint pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, that request is denied with leave to file a motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

## *BACKGROUND*

In a complaint filed in August 2013 (the "Complaint"), Plaintiffs principally allege that Defendant entered into a "Patient Payment Agreement" with Plaintiffs in which he personally guaranteed payment of the expenses incurred by his wife, Blanca, in the course of her medical

treatment. According to Plaintiffs, Defendant incurred medical costs of "approximately $143,335.62" which remain unpaid. Complaint at ¶¶ 14, 24-25. Those costs are documented in redacted billing records which contain only a list of dates, debits and credits, but no information whatsoever relating to the services provided. Id., Ex. B.

Plaintiffs served Defendant with a summons and a copy of the complaint in August 2013, but Defendant never answered or moved to dismiss the complaint. In September 2013, Plaintiffs requested that the Clerk of Court enter a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On October 24, 2013, the Clerk of Court entered a default against Defendant.

On November 27, 2013, Plaintiffs requested that the Clerk enter a default judgment in the amount of $143,335.62 plus post-judgment interest pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. In support of that request, Plaintiffs filed an unsworn three-page document entitled, "Request for Clerk's Entry of Default Judgment," and signed by Plaintiffs' counsel, Antranig Garibian. Paragraph 8 of that document refers to "the Affidavit of Antranig Garibian in Support of Plaintiffs' Motion for Clerk's Entry of Default Judgment," stating that the amounts "indicated" in this affidavit are "just due and owing." However, that affidavit, which is attached to Plaintiffs' Request for Clerk's Entry of Default Judgment as Exhibit 4, contains only one, conclusory sentence referring to the amount owed:

> Pursuant to Fed. R. Civ. P. 55(b)(1) and Local Rule 55.2(a), Plaintiffs now request the Clerk enter judgment in their favor and against Defendant for a sum certain in the amount of $143,335.62, as set forth in the Complaint.

Affidavit of Antranig Garibian in Support of Plaintiffs' Motion for Clerk's Entry of Default Judgment, ¶ 8.

## *DISCUSSION*

After the Clerk of Court enters a defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, a plaintiff may request that a default judgment be entered against the defendant in one of the two ways prescribed by Rule 55(b). First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff can provide "an affidavit showing the amount due" and request that the Clerk of Court enter judgment for that amount and costs against the defendant. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment" and the court may "conduct hearings or make referrals" when it "needs to conduct an account, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Fed. R. Civ. P. 55(b)(2).

In this case, Plaintiffs elected to proceed under Rule 55(b)(2), but provided only an affidavit from their attorney which merely "request[s] the Clerk enter judgment in their favor and against Defendant for a sum certain in the amount of $143,335.62, as set forth in the Complaint." Affidavit of Antranig Garibian in Support of Plaintiffs' Motion for Clerk's Entry of Default Judgment, ¶ 8 (alteration added). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the

3

amount." *Id.* "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009). "[A] court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008).

In this case, the only evidence which Plaintiffs have offered in support of their damages request is an affidavit from their attorney. This affidavit is insufficient to establish Plaintiffs' damages and their entitlement to recovery. First, the affidavit does not indicate that the attorney has any personal knowledge of the amounts owed by Defendant. *See E-Centurion, Inc. v. Long Beach Co.*, No. CV 06-5913 (DRH)(AKT), 2012 WL 3597583, at *2 (E.D.N.Y. July 12, 2012) ("[A]n attorney declaration setting forth the basis for the amounts owed and attaching certain documents . . . was not provided by an individual with first-hand knowledge of the Company's business and was therefore insufficient to establish that a sum certain was owed."). Second, the affidavit also does not include any information concerning the amount due, but merely notes that $143,335.62 was requested in the Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiffs' request for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(1) is denied without prejudice to filing a motion for a default judgment pursuant to Rule 55(b)(2). That motion must include an affidavit from one of Plaintiffs' employees with personal knowledge of the basis for the amounts sought. Plaintiffs need not provide unredacted versions of the billing records attached to the Complaint, but the

amount." *Id.* "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009). "[A] court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008).

In this case, the only evidence which Plaintiffs have offered in support of their damages request is an affidavit from their attorney. This affidavit is insufficient to establish Plaintiffs' damages and their entitlement to recovery. First, the affidavit does not indicate that the attorney has any personal knowledge of the amounts owed by Defendant. *See E-Centurion, Inc. v. Long Beach Co.*, No. CV 06-5913 (DRH)(AKT), 2012 WL 3597583, at *2 (E.D.N.Y. July 12, 2012) ("[A]n attorney declaration setting forth the basis for the amounts owed and attaching certain documents . . . was not provided by an individual with first-hand knowledge of the Company's business and was therefore insufficient to establish that a sum certain was owed."). Second, the affidavit also does not include any information concerning the amount due, but merely notes that $143,335.62 was requested in the Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiffs' request for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(1) is denied without prejudice to filing a motion for a default judgment pursuant to Rule 55(b)(2). That motion must include an affidavit from one of Plaintiffs' employees with personal knowledge of the basis for the amounts sought. Plaintiffs need not provide unredacted versions of the billing records attached to the Complaint, but the

affidavit must provide, at a minimum, a general description of the goods and services provided and the dates on which those good and services were provided.

**SO ORDERED.**

/s/(SLT)
/ SANDRA L. TOWNES
United States District Judge

Dated: March 28, 2014
      Brooklyn, New York